989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret E. ROSENBERG, Plaintiff-Appellee,
v.
Ruth A. GIBSON, substitute trustee; Ronald Bensten,
Trustee,Defendants-Appellants,
and Frank Samuel Rosenberg, Defendant.
 No. 92-1830.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 1, 1992
Decided: March 9, 1993
As Amended April 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CA-92-20-4, BK-90-40032-B)
 Robert Vincent Roussos, ROUSSOS, FORD & LANGHORNE, P.C., Norfolk, Virginia, for Appellant.
 Joseph W. Kaestner, KAESTNER & ASSOCIATES, Richmond, Virginia, for Appellee.
 Thomas H. Gays, II, KAESTNER & ASSOCIATES, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Margaret and Frank Rosenberg owned a valuable piece of property. In the late 1980s, the property was jointly pledged as collateral for large debts incurred by Frank alone. In January, 1990, two weeks after having conveyed his one-half interest in the property to Margaret for $5000, Frank filed for bankruptcy. Shortly thereafter, Margaret sold the property for $1.5 million and paid off the outstanding mortgages, but the remaining proceeds were placed in escrow at the direction of the bankruptcy trustee. Margaret sought a declaration of rights with regard to the proceeds, and the trustee cross-claimed. The bankruptcy court rejected the trustee's argument that Frank's creditors were prejudiced by the pre-petition sale by Frank to Margaret and ordered that the funds in the escrow account be released to Margaret. In essence, the bankruptcy court decided that, inasmuch as the property was encumbered by some $1.2 million of Frank's debts, the $5000 paid by Margaret was more than "reasonably equivalent value" for his interest. The district court affirmed, and the trustee appeals.
 
 
 2
 After carefully reviewing the record and the arguments of counsel, we affirm the judgment of the district court for the reasons stated in its opinion. In re: Frank S. Rosenberg, No. CA-92-20-4 (E.D. Va. June 23, 1992) (opinion and order).
 
 AFFIRMED